UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ORHAN KARAALI,

    Plaintiff,

v.                                                  CASE NO: 8:10-cv-2451-T-26EAJ

WINTRUST CAPITAL MANAGEMENT, LLC,
f/k/a Wayne Hummer Asset Management Company, LLC,

    Defendant.
_____/

**O R D E R**

    Before the Court is Defendant's Motion to Dismiss the Amended Complaint (Dkt. 18) and Plaintiff's Response. (Dkt. 21). After careful consideration of the allegations of the Amended Complaint (Dkt. 16), and the applicable law, the Court concludes that the motion should be denied in part and granted in part.

    The three-count complaint alleges a claim for tortious interference with a contractual or business relationship, unjust enrichment, and constructive fraud. Plaintiff contends that the breach for which he seeks redress in this case was committed during the time his state court case for breach of contract was stayed to resolve the valuation process. Specifically, Plaintiff claims that the Defendant is the third party that interfered with the business and contractual relationship that existed between Plaintiff and other entities, and that the interference occurred after the initiation of his state court action.

Drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that the allegations of count I are sufficient to raise a right to relief above the speculative level. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Bell Alt. Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007)). Hence, count I will remain.

As to unjust enrichment, Defendant takes issue with Plaintiff's inability to allege that he conferred a direct benefit on Defendant. Plaintiff asserts that by virtue of his ownership in AIP Managers, which was a member of AIP, at the time of the acquisition, Plaintiff did confer a direct benefit on Defendant at the time of its purchase of the assets of AIP. Again, drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds count II sufficient to withstand a motion to dismiss.

As to the third count for constructive fraud, Plaintiff admits, however, that unless this Court recognizes that an express fiduciary or confidential relationship gives rise to a constructive fraud and unless the Court recognizes that unconscionable conduct can give rise to constructive fraud, then a claim for relief has not been pleaded. See American Honda Motor Co. v. Motorcycle Info. Network, Inc., 390 F.Supp.2d 1170, 1179 (M.D. Fla. 2005) (quoting Florida law that a constructive fraud requires a confidential or

fiduciary relationship). Plaintiff's concessions are well-taken, and therefore count III will be dismissed with prejudice.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 18) is **denied in part and granted in part**. Count III for constructive fraud is granted with prejudice. Defendant shall file its answer and defenses to the remaining allegations of Plaintiff's Amended Complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on March 10, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[1] Plaintiff submits that an express fiduciary or confidential relationship "can probably not be asserted." See docket 21 at pp. 8 & 9.